IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS CRUZ MARTINEZ,                 )
                                      )
            Petitioner,               )
                                      )
      v.                              )
                                      )        1:26-cv-01327 (AJT-WBP)
MARKWAYNE MULLIN, *et al.*,            )
                                      )
            Respondents.              )

## **ORDER**

Before the Court is Petitioner Carlos Cruz Martinez's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on May 18, 2026.[1]

Petitioner is a native and citizen of Honduras, who entered the United States without inspection in or around 2017. *Id.* ¶¶ 6, 17. On May 12, 2026, Petitioner was detained by immigration authorities, following which he was transferred to the Caroline Detention Facility, where he remains detained. *Id.* ¶¶ 6, 18. Petitioner contends it would be futile to request a bond hearing before the Immigration Court in light of Respondents' interpretation of the INA's mandatory detention provisions. *Id.* ¶¶ 19–20.

On May 21, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 9]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and

---

[1] Petitioner has also filed a Motion for Summary Judgment, [Doc. No. 8], which is denied as moot.

under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Petitioner appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

May 22, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

2